## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GREGORY JONES, ET AL.**                              **CIVIL ACTION**

**VERSUS**

**TRISURA SPECIALTY INSURANCE
COMPANY, ET AL.**                                      **NO. 21-00697-BAJ-RLB**

### RULING AND ORDER

This personal injury action arises from an automobile collision that occurred December 5, 2020, on Interstate 10 in East Baton Rouge Parish, Louisiana. (Doc. 17 at ¶¶ 9-10). Plaintiffs Charlotte and Gregory Jones allege that they were traveling eastbound in stop-and-go traffic at approximately 5:00 p.m. when they were rear-ended by a tractor-trailer—the "2001 Freightliner"—driven by Defendant Ramon Jiminez. (*Id.* at ¶¶ 12-13). Plaintiffs allege that the force of the impact propelled their BMW 30 feet forward, into the back of a second tractor-trailer stopped in front of them. (*See id.* at ¶¶ 11, 13). Plaintiffs pursue a negligence claim against Defendant Jimenez, alleging that he was driving distracted and too fast when the crash occurred, and that they suffered various injuries as a result. (*Id.* at ¶¶ 15, 20-21).

Most relevant here, Plaintiffs also pursue direct negligence claims against Mr. Jimenez's alleged employer(s), Defendant JAJ Hauling, LLC ("JAJ") "and/or" Defendant Ultimate Trucking Logistics, LLC ("UTS"), "and/or" Defendant Jorge Corpus, for failing to properly train and supervise Mr. Jimenez. (*Id.* at ¶¶ 12, 17-19). Now JAJ moves for summary judgment, arguing that its only connection to

this action is that it was the *prior* owner of the 2001 Freightliner, but that it sold the truck to Defendant Corpus in February 2020, eight months before the crash. (Doc. 29-2 at p. 1). In support, JAJ offers an affidavit of its "owner," Julien Zendejas, stating that JAJ sold the 2001 Freightliner to Defendant Corpus on February 20, 2020, that after the sale JAJ had no control over the Freightliner, and that JAJ was not employing Defendant Jimenez on the date of the accident. (Doc. 29-5). Additionally, JAJ has produced the February 20, 2020 Texas Bill of Sale, which is signed by Mr. Zendejas as the "Seller" and Defendant Corpus as the "Buyer," and transfers ownership of the 2001 Freightliner to Defendant Corpus for the sum of $12,000. (Doc. 29-4 at pp. 14-15). Finally, JAJ has produced a February 25, 2020 Application for Texas Title and/or Registration, seeking a new Texas title for the 2001 Freightliner in Defendant Corpus's name, which, again, is signed by Mr. Zendejas as the "Seller" and Defendant Corpus as the "Applicant/Owner." (*Id.* at p. 16).

Plaintiffs oppose JAJ's motion, on the basis that an actual Texas title to the 2001 Freightliner was not issued to Defendant Corpus until January 2022. (Doc. 32 at pp. 3-5). Essentially, Plaintiffs argue that because JAJ was still "listed as the owner of the truck" at the time of the December 2020 crash, JAJ must have maintained some kind of ownership interest in the 2001 Freightliner, and, *by implication*, must have maintained some kind of employer relationship with Defendant Jimenez, thus entitling Plaintiffs "to proceed with suit through discovery to determine Defendant JAJ's liability." (*Id.* at p. 5).

The summary judgment standard is well-set: to prevail, JAJ must show that

there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiffs—the non-moving parties. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal *and* Local Civil Rules, Plaintiffs *must* counter with *evidence* to support their claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is *required* if Plaintiffs fail to "produce any summary judgment evidence on an essential element of [their] claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

Recently, the Louisiana Supreme Court expressly affirmed that a plaintiff may pursue a direct negligence claim for faulty training and supervision against an employer trucking company based on a collision involving an employee driver, provided, of course, that the facts support a determination that the driver was "at fault" in the underlying crash. *Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 247. In such circumstances, the employer trucking company's liability is determined under Louisiana's traditional duty-risk analysis, La. C.C. art. 2315, and its proportion of fault is determined under Louisiana's comparative fault regime, La. C.C. art. 2323. *Id.* at 249 (Crain, J., concurring).

It is axiomatic, however, that to prevail in a claim against an employer that is based on the negligence of an employee, the plaintiff must show the existence of *some*

kind of employment relationship, La. C.C. art. 2320, which requires showing that the alleged employer enjoys at least *some* degree of control over the alleged employee's work and conduct. *See Ellis v. Circle L Trucking, L.L.C.*, 2021-0457 (La. App. 1 Cir. 12/30/21), 340 So. 3d 985, 992. Absent *any* such right of control over the alleged tortfeasor employee, plainly there can be no employer duty to properly train and supervise, and a claim of employer negligence necessarily fails. *See Che v. First Assembly of God, Ruston, LA*, 50,360 (La. App. 2 Cir. 1/13/16), 185 So. 3d 125, 134 (rejecting plaintiff's employer liability claim where plaintiff failed to produce any evidence that alleged employers exercised any control over the activities of the alleged employee). Here, JAJ's unrebutted evidence establishes that JAJ had *no* relationship whatsoever with Defendant Jimenez at the time of the December 2020 collision. As such, Plaintiffs plainly have failed to create *any* dispute that JAJ owed a *duty* to train and supervise Defendant Jimenez—an essential element of their negligence claim— and summary judgment is required. *Geiserman*, 893 F.2d at 793.

Plaintiffs do not dispute that Defendant Jimenez lacked any employment relationship with JAJ. (*See* Doc. 29-1 at ¶ 4; Doc. 32-1 at ¶ 4). Still, Plaintiffs oppose summary judgment, and urge the Court to keep JAJ in this case until "the discovery process is complete," solely on the basis that Texas title to the 2001 Freightliner remained in JAJ's name at the time of the accident.[1] (Doc. 32 at pp. 3-4). This

---

[1] A theme throughout Plaintiffs' opposition is that JAJ's motion is premature, and that Plaintiffs should be allowed additional "discovery to determine Defendant JAJ's liability." (Doc. 32 at p. 5). Rule 56(d) allows the Court to defer ruling on a summary judgment motion when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Here, however, Plaintiffs are not entitled to a Rule 56(d) delay because counsel's affidavit accompanying Plaintiffs' opposition fails to set

argument plainly fails. First, it is not responsive to the dispositive issue of whether JAJ controlled Defendant Jimenez's work activities on the date of the collision. Second, and in any event, regardless of the date that Texas ultimately reissued title to the 2001 Freightliner's Defendant Corpus's name, the undisputed evidence shows that JAJ sold the 2001 Freightliner to Defendant Corpus for $12,000 in February 2020. Whether in Texas (where the sale occurred) *or* in Louisiana (where the accident occurred) the unchallenged February 20, 2020 Bill of Sale transferred *all* ownership of the 2001 Freightliner to Defendant Corpus. *See, e.g., Hudson Buick, Pontiac, GMC Truck Co. v. Gooch*, 7 S.W.3d 191, 198 (Tex. App. 1999) (complete transfer of ownership of vehicle occurred upon execution of valid sales contract, despite no transfer of title between parties); *accord Townzel v. Rush*, 2019-0664 (La. App. 1 Cir. 1/9/20), 295 So. 3d 411, 414. The fact that JAJ was still "listed as the owner" of the 2001 Freightliner on the date of the crash is a red herring.

Accordingly, there being no evidence that JAJ employed Defendant Jimenez, or that Defendant JAJ otherwise undertook any duty to train and supervise Defendant Jimenez,

**IT IS ORDERED** that JAJ's **Motion for Summary Judgment (Doc. 29)** be and is hereby **GRANTED**.

---

forth *any* detail whatsoever regarding what additional facts Plaintiffs intend to develop to support their failure to train and supervise claim against JAJ. As such, counsel's affidavit is deficient and cannot justify relief under Rule 56(d). *See Allen v. Our Lady of the Lake Hosp., Inc.*, No. 19-cv-00575, 2022 WL 2921001, at *9 (M.D. La. July 25, 2022) (Jackson, J.) (rejecting plaintiff's request for delay of summary judgment pending additional discovery where counsel's affidavit failed to specify what evidence plaintiff intended to develop regarding her remaining claims).

Separately, the Court will issue partial judgment dismissing JAJ from this action.

Baton Rouge, Louisiana, this 10th day of May, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6